IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAMERON ROWE,
   Plaintiff,

vs.             Case No. 3:06cv246/MCR/EMT

BELLSOUTH TELECOMMUNICATIONS, INC.,
   Defendant.
_____/

### **ORDER**

   This cause is before the court on Plaintiff's Motion to Dismiss Defendant's Notice of Removal (Doc. 6), which the court will construe as a motion to remand, and Defendant's response in opposition to the motion (Doc. 8).

   Plaintiff is a former employee of Defendant BellSouth, and a former member of the Communications Workers of America (CWA) (Doc. 1, Ex. A). Article 8.05 of the 2004 Communications Workers of America-BellSouth Collective Bargaining Agreement (CWA Agreement) provides that BellSouth is obligated to give severance pay to workers who are "Dismissed except for misconduct as distinguished from inability or unadaptability to perform the duties of the job" (*id.*). On April 3, 2006, Plaintiff was terminated by BellSouth "due to continued unsatisfactory attendance" (*id.*). BellSouth has refused to pay Plaintiff severance pay in connection with his termination (*id.*). Plaintiff alleges that BellSouth owes him severance pay according to the terms of the CWA Agreement, because he was not fired for "misconduct" (Doc. 6 at 3). On the other hand, Defendant asserts that it "recognize[s] poor attendance as a form of misconduct at work" (*see* Doc. 5 at 2). Thus, the meaning of the word "misconduct" in the CWA Agreement is at the heart of the case.

Plaintiff filed the action in state court, and Defendant removed the action to this court, asserting that the action arises under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and 28 U.S.C. § 1337 (Doc. 1 at 2).   Therefore Defendant asserts that this action is removable to this court pursuant to 28 U.S.C . §§ 1331 and 1441(b) (*id.*; *see also* Doc. 8).   In his motion to remand, Plaintiff contends that this court does not have jurisdiction over Plaintiff's case and that Defendant's Notice of Removal was not timely filed (Doc. 6).

First, this court has original jurisdiction over this action pursuant to the LMRA.   The LMRA permits a party to bring suit in federal district court for violations of "contracts between an employer and a labor organization representing employees in an industry affecting commerce."   29 U.S.C. § 185(a).   Plaintiff's only claim is the Defendant violated Article 8.05(a)(3) of the CWA Agreement when Defendant refused to give Plaintiff severance pay (*see* Doc. 1, Ex. A).   Since the only claim in this case depends on the meaning of the word "misconduct" in the CWA Agreement, this court has original jurisdiction over the dispute.

In addition, to the extent Plaintiff is claiming that Defendant's alleged breach of the CWA Agreement violated state law, Plaintiff's state law claim is preempted by federal law.   "If the resolution of a state law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405–06, 108 S. Ct. 1877, 1881, 100 L. Ed. 2d 410 (1988).   The purpose of the preemption doctrine is to "ensure uniform interpretation of collective-bargaining agreements." *Id.* at 404, 108 S. Ct. at 1880.   *See also* Bartholomew v. AGL Res., Inc., 361 F.3d 1333 (11th Cir. 2004) (holding that employees' breach of contract claim and other state law claims that occurred before the employment's termination were preempted by federal law because the claims referred solely to the collective bargaining agreement governing their employment).

Additionally, Defendant timely filed its Notice of Removal in this court.   28 U.S.C. § 1446(b) provides that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See also* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d

448 (1999) (finding that the thirty-day removal period began when defendant was formally served).
Defendant was served with Plaintiff's complaint on May 4, 2006 (Doc. 6, Ex. A) and filed its Notice
of Removal in this court on June 2, 2006 (Doc. 1), exactly thirty days later.

   Accordingly, it is **ORDERED**:

   Plaintiff's Motion to Dismiss Defendant's Notice of Removal (Doc. 6), construed as a
motion to remand, is **DENIED**.

   **DONE AND ORDERED** this 14th day of September 2006.


        */s/ Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**